COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Fitzpatrick and Annunziata
Argued via teleconference


MARK ALLEN HAYDON
                                    MEMORANDUM OPINION[*]
v.    Record No. 2318-96-4      BY JUDGE JOSEPH E. BAKER
                                      OCTOBER 7, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                    J. Peyton Farmer, Judge

        Benjamin H. Woodbridge, Jr. (Woodbridge &
        Reamy, on brief), for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Mark Allen Haydon (appellant) was convicted in a bench trial

of "driving after illegally consuming alcohol" while "under the

age of twenty-one" in violation of Code § 18.2-266.1.  On appeal,

he contends that the investigating officer did not have

reasonable suspicion to stop his vehicle.  We agree and reverse

the conviction.

     A police officer may conduct an investigatory stop of a

motor vehicle if he has "articulable and reasonable suspicion"

that the operator is unlicensed, the vehicle is unregistered or

the vehicle or an occupant is otherwise subject to seizure for

violating the law.  See Murphy v. Commonwealth, 9 Va. App. 139,

143, 384 S.E.2d 125, 127 (1989) (quoting Delaware v. Prouse, 440

────────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

U.S. 648, 663 (1979)).  This case is before us on an agreed statement of facts prepared in lieu of a transcript.  We have reviewed the statement of facts and find that the police officer who arrested appellant made the arrest based upon evidence found as a result of an unlawful stop.

The record does not specifically state what Officer Kimmitz believed to be the legal basis for the stop.  It reveals only that appellant's truck proceeded through a "T" intersection, joining an "access road" and Route 1 in Stafford County, "without slowing or stopping [at] the intersection."  It contains no evidence permitting the conclusion that appellant had a legal duty to slow or stop at that intersection under any of the statutes cited by the Commonwealth.

For the reasons stated, we reverse the judgment of the trial court and dismiss the warrant because without the evidence acquired as a result of the illegal stop, there is no evidence to support appellant's conviction.

<u>Reversed and dismissed.</u>

2